**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DALTON DONOVAN MILLER, | |
| Petitioner, | CIVIL ACTION NO. 3:CV-14-2263 |
| v. | (JUDGE CAPUTO) |
| JEH CHARLES JOHNSON, Warden, | (MAGISTRATE JUDGE MEHALCHICK) |
| Respondent. | |

## MEMORANDUM ORDER

On November 26, 2014, Petitioner Dalton Donovan Miller filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1) Petitioner filed a second habeas petition on November 2015, *see Miller v. Sabol*, Case No: 3:15-cv-02229, but the actions were consolidated. (Doc. 12). The case was referred to Magistrate Judge Mehalchick. On July 5, 2016, Magistrate Judge Mehalchick issued a Report and Recommendationrecommending that the petition be granted in part. (Doc. 13) Objections to the Report and Recommendation were due on July 22, 2016. No objections were filed.

Therefore, upon review of the Report and Recommendation of Magistrate Judge Mehalchick for plain error or manifest injustice, **IT IS HEREBY ORDERED** that:

(1)  The Report and Recommendation is **ADOPTED** in its entirety;

(2)  Petitioner's petition for writ of habeas corpus (Doc. 1) is **GRANTED** in part to the extent that Petitioner is to be afforded an individualized bond hearing;

   (a)  Within **thirty (30) days**, an immigration judge shall afford Petitioner an individualized bond hearing. At this hearing, the immigration judge must make an individualized inquiry into whether detention is still necessary for the purposes of ensuring that the Petitioner attends removal proceedings and that his release will not pose a danger to the community. *Chavez-Alvarez v. Warden York County Prison*, 783 F. 3d 469, 475 (3d Cir. 2015). Further, the government bears the burden of

presenting evidence at this hearing and proving that Petitioner's continued detention is necessary to fulfill the purposes of the detention statute. *Diop v. ICE/Homeland Sec.,* 656 F. 3d 221, 233 (3d Cir. 2011).

(b) The parties shall report to this court on the outcome of the individualized bail determination **no later than three (3) days** after the immigration judge's hearing.

(c) If the immigration judge does not hold an individualized bond hearing consistent with the legal benchmarks outlined in the Report and Recommendation, this court will conduct its own bond determination, under the standards governing bail in habeas corpus proceedings, at a date and location to be determined.

July 27, 2016
Date

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge